UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                  Chapter 13

Christopher Davis,                                      Case No. 08-61252

      Debtor.                                           Hon. Phillip J. Shefferly

_____/

**OPINION GRANTING UNITED STATES
TRUSTEE'S MOTION FOR RULE 2004 EXAMINATION**

This opinion addresses a motion for a Federal Rule of Bankruptcy Procedure 2004 examination filed by the United States Trustee ("UST"). The UST seeks an order authorizing it to conduct an examination of Bank of America, N.A., formerly known as Countrywide Home Loans Servicing LP, and its subsidiary, BAC Home Loans Servicing L.P. ("BAC"). For the reasons explained in this opinion, the Court has determined to grant the motion.

**Facts**

On September 2, 2008, the Debtor filed this Chapter 13 case. On October 14, 2008, BAC's predecessor filed a proof of claim in the amount of $169,664.50, secured by a mortgage on the Debtor's home. The proof of claim listed the arrearage in the amount of $10,397.53. The Debtor's Chapter 13 plan provided that the Debtor would retain the residence, make the continuing monthly payments on the mortgage, and pay the arrearage of the mortgage during the life of the plan. On December 6, 2008, the Court confirmed the Debtor's plan.

On February 9, 2011, the Debtor filed two motions against BAC. Both motions alleged conduct by BAC that violated the Bankruptcy Code and violated the Local Bankruptcy Rules of the Eastern District of Michigan. The first motion (docket entry no. 59) sought damages against BAC

for violations of the automatic stay of § 362 of the Bankruptcy Code because BAC had taken collection efforts against the Debtor without obtaining a lifting of the automatic stay. The second motion (docket entry no. 62) sought an order compelling BAC to provide a complete accounting of all mortgage payment changes during the life of the plan and requested sanctions against BAC for violation of Local Bankruptcy Rule 3001-2. BAC responded to both motions. On March 28, 2011, the Debtor and BAC entered into a stipulation (docket entry no. 77) to resolve the two motions. In the stipulation, BAC acknowledged that the Debtor had an escrow surplus, and BAC agreed to file an amended proof of claim to apply the escrow surplus to the Debtor's arrearage claim. BAC also agreed to remove certain amounts from its original proof of claim, including an amount shown as an escrow shortage, an amount for attorney fees, and an inspection fee. Pursuant to the agreement it reached with the Debtor, BAC then filed an amended proof of claim on April 1, 2011.

On May 16, 2011, the UST filed a motion (docket entry no. 90) for an order authorizing it to conduct a Fed. R. Bankr. P. 2004 examination of BAC. The motion alleges that BAC violated the automatic stay of § 362 of the Bankruptcy Code, and that it failed to comply with Local Bankruptcy Rule 3001-2, which resulted in the Debtor having to file two motions against BAC. The UST's motion also alleges that BAC agreed to resolve the Debtor's two motions, and ultimately filed an amended proof of claim that significantly reduced its arrearage claim against the Debtor. The UST further alleges that BAC's actions in this case may constitute an abuse of the bankruptcy process. The UST's motion requests that the Court authorize the UST to issue a subpoena duces tecum compelling BAC to produce and permit inspection and copying of certain documents, and compelling a knowledgeable officer or agent of BAC to appear for an examination to give testimony regarding BAC's records concerning the Debtor's account, and BAC's policies and procedures, to

the extent applicable to the Debtor's account, pertaining to payment change notifications, collection activities, and filing of proofs of claims. On May 31, 2011, BAC filed an objection (docket entry no. 93) to the UST's motion. By agreement of the UST and BAC, the Court heard the motion on June 28, 2011, the same date that it also heard an identical motion filed by the UST against BAC in In re Russ, case no. 10-78547. The Court took both motions under advisement at the conclusion of that hearing.[1]

## Discussion

BAC objects to the UST's motion on five grounds. First, BAC argues that the UST's motion is moot. Second, BAC argues that the UST lacks standing to move for an order under Fed. R. Bankr. P. 2004. Third, BAC argues that the UST has failed to demonstrate that there is good cause for an examination. Fourth, BAC argues that the examination sought by the UST in this case is unduly burdensome. Fifth, BAC argues that by seeking a Rule 2004 examination, the UST is attempting to usurp the Chapter 13 trustee's role. The Court will address these arguments seriatim.

BAC argues that the UST's motion is moot because the Court has already entered an order that resolves the Debtor's allegations that BAC violated § 362 of the Bankruptcy Code and Local Bankruptcy Rule 3001-2. It is true that the conduct of BAC that gave rise to the Debtor's two motions against BAC is the same conduct that gives rise to the UST's motion for a Rule 2004 examination. However, the Debtor's interest in seeking relief against BAC on account of such

---

[1] Subsequent to the hearing, the Chapter 13 Trustee requested that this case be dismissed because of the Debtor's failure to remit the Debtor's 2010 tax refund to the Chapter 13 Trustee as required by a separate order of this Court. On July 26, 2011, because of the Debtor's failure to remit that tax refund, the Court entered an order dismissing the Debtor's case. However, because the UST's motion had already been briefed and argued, and was under advisement at the time of the dismissal, the Court has determined that it retains residual jurisdiction to rule on the UST's motion, notwithstanding such dismissal.

-3-

conduct is different than the UST's interest in investigating the policies and actions of BAC regarding the accuracy, preparation and filing of BAC's proof of claim. The fact that BAC has reached an agreement with the Debtor resolving the Debtor's motions for monetary and other relief against BAC does not somehow mean that the UST's interest in determining whether BAC's conduct in this case constitutes an abuse of the bankruptcy process is no longer of any practical significance. The Debtor's agreement with BAC to resolve the Debtor's requests for relief against BAC does not render moot the UST's interest in conducting a Rule 2004 examination to determine whether there has been an abuse of the bankruptcy process. Therefore, the Court rejects BAC's mootness argument.

BAC next argues that the UST lacks standing to seek a Rule 2004 examination. BAC relies upon the language of Fed. R. Bankr. P. 2004(a) that states that "on motion of any *party in interest,* the court may order the examination of any entity." (Emphasis added.) BAC next notes that the Bankruptcy Code does not define party in interest, but does contain numerous statutory provisions that specifically authorize the UST to take some action in addition to authorizing such action by a party in interest. According to BAC, if the UST is a party in interest, these specific sections of the Bankruptcy Code would not need to list the UST as having authority to act, in addition to authorizing a party in interest to act. In other words, a specific reference to the UST would serve no purpose if the UST was also a party in interest. BAC also relies upon legislative history, which suggests to BAC that Congress did not intend to make the UST a party in interest. Finally, BAC acknowledges that there is a statutory grant of authority for the UST in § 307 of the Bankruptcy Code that provides that the UST "may raise and may appear and be heard on any issue in any case

or proceeding under this title" (other than filing a plan under § 1121(c)), but contends that this statutory grant does not make the UST a party in interest.

The UST acknowledges that Rule 2004 does not expressly mention the UST, but argues that this fact is irrelevant, because § 307 of the Bankruptcy Code contains a broad grant of standing in every bankruptcy case. Further, the UST argues that § 586 of Title 28 contains both additional duties and additional authority for the UST in bankruptcy cases. Finally, the UST cites a litany of opinions in which courts have repeatedly and expressly recognized the standing of the UST to move for a Rule 2004 examination, all of which, the UST argues, have rejected the very arguments advanced by BAC.

The Court agrees with the UST.

The starting point for understanding whether the UST may move for a Rule 2004 examination is § 307 of the Bankruptcy Code. Section 307 of the Bankruptcy Code provides an express grant of standing for "the United States Trustee [to] raise and [ ] appear and be heard on any issue in any case or proceeding under this title," with the exception of filing a plan under § 1121(c). Although standing usually requires a concrete and particularized injury, and in the bankruptcy context that commonly means a having pecuniary interest, the UST's standing is much broader. "As Congress has stated, the U.S. trustees are responsible for protecting the public interest and ensuring that bankruptcy cases are conducted according to law." Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (referring to the UST's role as a "watchdog," and holding that § 307 confers appellate standing on the UST) (internal quotation marks and citation omitted); see also In re Countrywide Home Loans, Inc., 384 B.R. 373, 380-82 (W.D. Pa. 2008) (recounting the history and powers of the UST).

-5-

Section 307 of the Bankruptcy Code does not state that the UST is a party in interest for all purposes under the Bankruptcy Code. Nor does it state that the UST is a party in interest for purposes of requesting a Rule 2004 examination. However, the broad statutory grant contained in § 307 of the Bankruptcy Code and the subsequent statements of the Sixth Circuit Court of Appeals and other courts in construing this section persuade the Court that this section of the Bankruptcy Code is sufficient, by itself, to enable the Court to find that the UST has the authority to move for a Fed. R. Bankr. P. 2004 examination. The grant of authority in § 307 of the Bankruptcy Code to the UST is broad and clear. It does not limit the UST to those acts that may only be taken by a party in interest in a bankruptcy case. The breadth of this statutory grant is consistent with the congressional statement of purpose for the UST to serve as the "watchdog" in bankruptcy cases. As noted by the Third Circuit Court of Appeals in United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.), 33 F.3d 294, 296 (3d Cir. 1994), "[i]t is difficult to conceive of a statute that more clearly signifies Congress's intent to confer standing." This Court agrees with those courts that have held that § 307 of the Bankruptcy Code is by itself sufficient to authorize the UST to move for a Fed. R. Bankr. P. 2004 examination. See In re Youk-See, __ B.R. __, 2001 WL 2458106, at *3 n.3 and *4 (Bankr. D. Mass. June 16, 2011) (collecting cases); In re Michalski, 449 B.R. 273, 279-80 (Bankr. N.D. Ohio 2011) (following In re Countrywide Home Loans); In re Wilson, 413 B.R. 330, 335-36 (Bankr. E.D. La. 2009) (same).

The Court also agrees with the UST that even apart from § 307 of the Bankruptcy Code, 28 U.S.C. § 586 contains specific grants of authority and imposes specific duties upon the UST in bankruptcy cases that support a finding that the UST is a party in interest for purposes of requesting a Rule 2004 examination. Some of the relevant subsections of § 586 are (a)(3)(G) ("monitoring the

progress of cases under title 11 and taking such actions as the [UST] deems to be appropriate to prevent undue delay in such progress"); (a)(3)(C) (monitoring plans under chapter 13 and filing "comments with respect to such plans"); and (a)(5) ("perform[ing] the duties prescribed for the [UST] under title 11 and this title, and such duties consistent with title 11 and this title as the Attorney General may prescribe").

"Although Sections 307 and 586 are in different statutes, Titles 11 and 28, respectively, they both address the same subject matter and should thus be construed *in pari materia*." In re Countrywide, 384 B.R. 383, n.10 (citations omitted). Section 586 of title 28

> set[s] forth specific matters in which Congress has concluded that the UST could or should become involved, within the overall context of the broad power granted by Section 307 [of the Bankruptcy Code]. While many of the issues that Congress intended the UST to become involved in were foreseeable, and thus amenable to specific grants of power or duty, others were not. The deliberately broad language of Section 307 ensures that the UST has the ability to act in areas where Congress did not specifically foresee and provide an explicit provision for the UST to do so.

Id. at 385-86.

It is true that 28 U.S.C. § 586, like § 307 of the Bankruptcy Code, does not expressly state that the UST is a party in interest for purposes of seeking an examination under Rule 2004. However, there is no doubt in the Court's mind that the grants of authority contained in these statutory provisions provide ample support for the Court to conclude that the UST is a party in interest that may seek a Rule 2004 examination. Although the phrase "party in interest" is not defined in Rule 2004, it "has been described as an expandable concept depending on the particular factual context in which it is applied." Normali v. O'Donnell (In re O'Donnell), 326 B.R. 901 (Table), 2005 WL 1279268, at *5 (B.A.P. 6th Cir. May 19, 2005) (quotation marks and citations omitted). Courts should "'determine on a case by case basis whether the prospective party in

-7-

interest has a sufficient stake in the proceeding . . . .'" In re Countrywide, 384 B.R. at 391 (quoting In re Amatex Corp., 755 F.2d 1034, 1042 (3d Cir. 1985). In re Countrywide contains an extensive discussion of these issues, and concludes that the "[t]he UST has a sufficient stake in this case because [he] has been charged to act as a watchdog to protect the integrity of the bankruptcy system." In re Countrywide, 384 B.R. at 391 (citing in part In re Revco D.S., Inc., 898 F.2d 498, 500 (6th Cir. 1990) (other citations omitted). The Court adopts and incorporates by reference the thorough and persuasive analysis and conclusion of the In re Countrywide court. Therefore, the UST is a party in interest for purposes of Rule 2004.

Although BAC has cited several provisions in the Bankruptcy Code and Rules where "the United States trustee" and "party in interest" are both referred to,[2] giving some support for its interpretation that they are separate and exclusive entities, and for its contention that the UST cannot be a "party in interest," the UST has countered by citing other instances where the Bankruptcy Code and Rules refer to a "party in interest, including the United States trustee,"[3] and still other provisions of the Bankruptcy Code and Rules that apply to "the United States trustee or other party in interest."[4] The Bankruptcy Code and Rules are not entirely consistent in their use of those terms and the inconsistencies arguably support both sides in the dispute before the Court. However, inexact drafting cannot overcome the clear, broad grant of standing under 11 U.S.C. § 307 and the specific

---

[2] See, e.g., 11 U.S.C. § 330(a)(1); § 521(f); § 707(b)(1); § 1104(a); § 1105; § 1307(c); Fed. R. Bankr. P. 2003(f); Rule 2014(a); Rule 5009(a); Rule 6006(c); Rule 9020.

[3] See 11 U.S.C. § 1121(e)(3)(A).

[4] See 11 U.S.C. § 330(a)(2); § 707(b)(5)(A); § 707(b)(7)(A); Fed. R. Bankr. P. 2001(a); Rule 2015.3(b) and (c).

duties under 28 U.S.C. 586, which give the UST a unique role in bankruptcy cases, and compel the conclusion that the UST is a party in interest for purposes of Fed. R. Bankr. P. 2004.

Even if the UST has standing to request a Rule 2004 examination of BAC, and is a party in interest for that purpose, BAC next argues that the UST has not demonstrated good cause for the Rule 2004 examination in this case.

> If the [subject] challenges the right of the examiner to conduct a Rule 2004 examination, then the examiner has the burden of establishing that "good cause" exists for the taking of the examination. Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests.

Bank One, Columbus, N.A. v. Hammond (In re Hammond), 140 B.R. 197, 201 (S.D. Ohio 1992) (citations omitted). A court must also "balance the examiner's interest against the [subject]'s interest in avoiding the cost and burden of disclosure." Id. (citation omitted).

The UST alleges that good cause does exist for an examination of BAC in this case because of BAC's actions post-confirmation in this Chapter 13 case that violated the automatic stay of § 362 of the Bankruptcy Code and violated Local Bankruptcy Rule 3001-2. The UST correctly observes that the Debtor has filed two motions on account of such conduct by BAC, that BAC responded to each of them, and that the Debtor and BAC have reached an agreement to resolve the Debtor's motions against BAC by providing the Debtor with substantial relief in the form of an amended proof of claim with a reduction in the arrearage owed by the Debtor and other monetary relief. Those facts demonstrate good cause for the Court to authorize a Rule 2004 examination of BAC with respect to BAC's documents, policies and procedures relating to the Debtor's account. The UST did not choose this case randomly to request a Rule 2004 examination of BAC. Rather, the UST filed its motion only after the Debtor had filed two separate motions alleging unlawful conduct

-9-

by BAC that violated both the Bankruptcy Code and the Local Bankruptcy Rules of the Eastern District of Michigan. The UST's motion was only filed after BAC responded to those motions and a settlement was entered into between the Debtor and BAC with respect to the relief sought by those motions. The facts alleged by the Debtor in his motions and the monetary and other relief agreed to by BAC to resolve those motions combine to provide sufficient cause in this case for the UST to request a Rule 2004 examination.

BAC next argues that the Rule 2004 examination sought by the UST in this case is unduly burdensome. The scope of an examination under Rule 2004 is limited "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Although extremely broad, the scope is not unlimited. "The [subject]'s interest may in some cases warrant a limitation of the scope of the proposed examination. In rare cases, the [subject]'s interest may so greatly outweigh those of the examiner that the examination should be quashed." In re Hammond, 140 B.R. at 201.

The Court is not persuaded that the examination sought in this case is unduly burdensome to BAC. The UST's request for the production of documents and for an oral examination specifically state that it is limited to those documents, policies and procedures of BAC that relate to the Debtor's account. The UST is not asking for an open-ended examination, either of documents of BAC or of representatives of BAC, but instead has carefully tailored its requests to those documents, policies and procedures of BAC that relate to the Debtor's account. The UST's proposed examination is not overly burdensome to BAC.

BAC also argues that a representative of BAC cannot be compelled to come to Michigan for this examination, and the motion should be denied as a result. The UST acknowledges that ordinarily the deposition of corporate agents and officers should be taken at the corporation's principal place of business. However, the UST insists that certain facts in this case overcome that general rule, and the equities favor ordering BAC's representative to appear in this district for the examination.

Rule 2004(c) provides that the examination may be conducted within or without the district in which the case is pending, and attendance may be compelled as provided in Rule 9016, which incorporates Fed. R. Civ. P. 45. Rule 45(c)(3)(A)(ii) requires quashing or modifying a subpoena that requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person. Even though a representative of BAC could be considered a party to this motion, and thus not subject to the protections of the cited rule, the Court is not convinced that the UST has articulated sufficient grounds to deviate from the general rule that depositions of corporate agents and officers should be taken at the principal place of business. Rather than denying the motion, as BAC requests, Rule 45(c)(3) allows for modification. Accordingly, the UST's examination may take place in the district of BAC's principal place of business, or telephonically on terms to be agreed upon by the parties.

Finally, the Court rejects BAC's contention that authorizing the UST to conduct a Rule 2004 examination in this case will somehow usurp the Chapter 13 trustee's role. The duties of a Chapter 13 trustee are spelled out in § 1302 of the Bankruptcy Code. A Chapter 13 trustee's duties are different than the duties of the UST under 28 U.S.C. § 586. BAC argues that the UST is attempting to impermissibly encroach on the Chapter 13 trustee, but does not explain how a

-11-

08-61252-pjs    Doc 111    Filed 07/27/11    Entered 07/28/11 07:55:50    Page 11 of 13

Rule 2004 examination of BAC would somehow interfere with the administration of this Chapter 13 case or with the prosecution of the Chapter 13 trustee's duties under § 1302 of the Bankruptcy Code. Notably, the Chapter 13 trustee has made no objection to the UST's motion for Rule 2004 examination. BAC's contention that the UST's motion for Rule 2004 examination somehow usurps the Chapter 13 trustee's role in this case lacks merit.

## **Conclusion**

The Court has previously ruled on a number of the issues raised by BAC's objection to the UST's motion in other recent cases. For example, in In re Ellis, case no. 10-50910, the Court ruled from the bench on February 8, 2011 (transcript at docket entry no. 97) on many of the same issues raised by the UST's motion for Rule 2004 examination and objections based upon lack of standing and other arguments similar to those advanced by BAC in this case. Although the Court granted the UST's motion and overruled the objections that were made in that case, the Court considers the issues raised by the UST and BAC to be important issues. Further, the UST and BAC each filed extensive memoranda of law in this case regarding the issues raised by the UST's motion and BAC's response. Despite having ruled previously on a number of these issues, the Court wanted to take the opportunity to review all of these issues fresh in this case, particularly in light of the extensive memoranda filed both by the UST and BAC in this case. The Court has now done so, and has considered all of the issues raised by both parties, even if the Court did not specifically address all of them in this opinion. Having undertaken that review, the Court is persuaded that the UST's motion should be granted and BAC's objections should be overruled. The UST is directed to submit to the Court for entry a proposed order granting the UST's motion. The proposed order shall be in

the form attached to the UST's motion, except that the location of the Rule 2004 examination set forth in the proposed order shall be changed to conform to this opinion.

.

**Signed on July 27, 2011**

                                         **/s/ Phillip J. Shefferly**
                                         **Phillip J. Shefferly**
                                         **United States Bankruptcy Judge**

08-61252-pjs   Doc 111   Filed 07/27/11   Entered 07/28/11 07:55:50   Page 13 of 13